USCA1 Opinion

 

 January 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1749 GERALDINE MARIE WALKUP, Plaintiff, Appellant, v. M. ELLEN CARPENTER, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Geraldine Marie Walkup on brief pro se. ______________________ M. Ellen Carpenter, Leila R. Kern, and Kern, Hagerty, Roach __________________ _____________ ____________________ & Carpenter, P.C. on brief for appellee. _________________ __________________ __________________ Per Curiam. This case is before us on appeal from __________ an order of the United States District Court for the District of Massachusetts affirming a decision of the bankruptcy court allowing a motion to sell property. The bankruptcy court order was entered on the docket sheet on January 14, 1993. Appellant Walkup did not file her notice of appeal until February 17, 1993, twenty-three days after the ten day period for filing a notice of appeal had expired. See Bankruptcy ___ Rule 8002(a). Timely filing of a notice of appeal pursuant to Rule 8002 is mandatory and jurisdictional. In re ______ Abdallah, 778 F.2d 75, 77 (1st Cir. 1985), cert. denied, 476 ________ ____________ U.S. 1116 (1986). Accordingly, the untimely notice of appeal deprived the district court of jurisdiction to review the bankruptcy court order. Furthermore, we lack jurisdiction to review the issues on appeal, since our jurisdiction to do so is dependent upon a proper exercise of jurisdiction below. Id. __ The appeal is dismissed for lack of jurisdiction. The order of the district court is hereby vacated, and the case is remanded so that the district court may enter an order dismissing the appeal. -2-